UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERNEST P. NICHOLSON,

    Plaintiff,

v.	CASE NO. 8:24-cv-2603-SDM-AEP

STATE OF FLORIDA,

    Defendant.
    _____/

**ORDER**

    Nicholson's complaint alleges that the State of Florida is violating his civil rights by prosecuting him in state court. Nicholson neither moves for leave to proceed *in forma pauperis* nor pays the full $405 filing fee. Nevertheless, under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), a district court must both review and dismiss the complaint if the complaint "is frivolous or malicious or for failing to state a claim upon "which relief may be granted." Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit.

    Nicholson represents that he is detained in the Polk County jail pending the disposition of state criminal charges, including the offense of armed burglary of a structure or conveyance. Nicholson requests a transfer of the criminal proceedings to either a federal court or a United States military court because he is a veteran.

First, although a veteran, Nicholson is not a "federal official" who is eligible to transfer a state criminal prosecution to federal court, which is governed by 28 U.S.C. § 1442(a)(1). Moreover, even if he qualified as a "federal official," Nicholson's state criminal charge would not be transferable because the charged offense (armed burglary) is unrelated to his status as a veteran. *See, e.g., Mesa v. California*, 489 U.S. 959 (1989). Similarly, Nicholson's status as a veteran does not provide jurisdiction for a military tribunal.

Second, federal intervention into a pending state criminal proceeding is normally barred because a federal court should almost always abstain from intrusion in a state proceeding. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris*, 401 U.S. 37, 45 (1971); *accord Lawrence v. Miami-Dade State Attorney*, 272 F. App'x 781, 781–82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances."). Nicholson presents no compelling reason, or even a facially sufficient reason, to intervene in the state court proceeding.

As shown above, Nicholson fails to state a claim for relief. Amendment of the action would prove futile because Nicholson can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments

previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The complaint is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted. The clerk must enter a judgment of dismissal against Nicholson and **CLOSE** this case.

ORDERED in Tampa, Florida, on December 23, 2024.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE